# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

DR. MARCO BITETTO,

                Plaintiff,

- v -

TIM COOK, *on behalf of* Apple, Inc.,

                Defendant.

Civ. No. 1:18-CV-1178 (DNH/DJS)

**APPEARANCES:**

MARCO BITETTO
Plaintiff *Pro Se*
4 Fourth Avenue
Rensselaer, New York 12144

**OF COUNSEL:**

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a civil Complaint filed by *pro se* Plaintiff Marco Bitetto. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.[1]

---

[1] The Court notes that Chief Judge Glenn T. Suddaby recently issued an Order to Show Cause requiring Plaintiff to show cause why he should not be enjoined from filing further actions in this Court without leave of the Chief Judge, *see In re Marco Bitetto*, 18-PF-6, Dkt. No. 1, but that this action was filed prior to issuance of that Order.

# I. DISCUSSION

## A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the

factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland*

*Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

### B. Allegations Contained in Plaintiff's Complaint

Under the caption "Unified Court of New York State," what Plaintiff has filed as the Complaint in this case alleges generally that certain of his publications are not being sold or otherwise made available on the Apple iBookstore and that the failure to do so is "both a breach of contract and disability related discrimination under the Americans with Disabilities Act." Dkt. No. 1 at p. 2. Plaintiff seeks $600 billion in damages.

The Complaint plainly does not comply with the pleading requirements of the Federal Rules of Civil Procedure. The dispute referenced in the Complaint appears to relate to Defendant's non-publication of certain written works by Plaintiff, but the Complaint fails to explain how that violates the Americans with Disabilities Act or specifically allege the existence of a valid contract between himself and Defendant. As such the Complaint does not provide Defendant with the type of notice required under FED. R. CIV. P. 8 regarding the facts and legal basis of the claim. This failure requires dismissal of the complaint under FED. R. CIV. P. 8.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tomkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991)). Here, Plaintiff may be able to cure the deficiencies in his pleading and so it is recommended that Plaintiff be granted leave to amend to do so.

Should Plaintiff be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff, must clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph and should state with specificity the legal claim for relief and the basis for damages. Plaintiff is referred to FED. R. CIV. P. 8 and 10 as to the proper form for his pleadings.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be *sua sponte* dismissed, but that Plaintiff be granted leave to replead his Complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 11, 2018
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).